NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 5 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HYEONJOO MUNDKOWSKY, (H.M.), Individual,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>COUNTY OF LOS ANGELES, a Public Entity; et al.,<br><br>Defendants-Appellees. | No. 15-56147<br><br>D.C. No. 2:14-cv-00599-CAS-CW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted June 26, 2017[**]

Before:    PAEZ, BEA, and MURGUIA, Circuit Judges.

Hyeonjoo Mundkowsky appeals pro se from the district court's judgment dismissing her 42 U.S.C. §§ 1983 and 1985 action alleging various federal and state law claims stemming from custody proceedings. We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review de novo. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1053, 1055 n.4 (9th Cir. 2011) (dismissal under Federal Rule of Civil Procedure 12(b)(6) or 12(c)); *First Nat'l Bank v. Russell* (*In re Russell*), 76 F.3d 242, 244 (9th Cir. 1996) (dismissal based on collateral estoppel). We affirm.

The district court properly dismissed Claims 1, 2, and 3 of Mundkowsky's complaint as barred by the doctrine of collateral estoppel. *See In re Russell*, 76 F.3d at 244-45 (setting forth elements of collateral estoppel under California law); *see also In re Joshua J.*, 46 Cal. Rptr. 2d 491, 497 (Ct. App. 1995) (giving preclusive effect to prior judgment of dependency court).

The district court properly dismissed Claims 4, 6, and 7 of Mundkowsky's complaint because Mundkowsky failed to allege facts sufficient to state a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (plaintiff must plead sufficient factual matter to allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct).

The district court did not abuse its discretion in dismissing Mundkowsky's remaining state law claims. *See Notrica v. Bd. of Sup'rs of Cty. of San Diego*, 925 F.2d 1211, 1213-14 (9th Cir. 1991) (setting forth standard of review and explaining that judicial economy, convenience, and fairness to litigants should be considered in deciding whether to hear pendant state law claims).

15-56147

The district court did not abuse its discretion by denying Mundkowsky's applications for entry of default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (setting forth the standard of review and factors for determining whether to enter default judgment).

We do not consider any arguments not specifically and distinctly raised in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions are denied.

**AFFIRMED.**